UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA FIELDS,
Plaintiff,

vs.

UNITED STATES,
Defendant.

Case No. 1:15-cv-480
Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Marcia Fields[1] brings this pro se action seeking a default judgment against the United States in connection with a prior lawsuit, *Fields v. Sheriff Deputy John Doe*, Case No. 1:06-cv-668 (S.D. Ohio). (Doc. 1). Plaintiff asserts that the United States failed to appear in that case and she is entitled to a default judgment against the United States pursuant to Fed. R. Civ. P. 55. The matter is before the Court on the motion to dismiss of the United States (Doc. 3), plaintiff's motion for default (Doc. 5), and the United States' response in opposition (Doc. 6). For the reasons that follow, the United States' motion to dismiss should be granted and this action should be dismissed.

## I. Factual Background

In August 2006, plaintiff filed a pro se complaint against various Brown County, Ohio entities, the Pleasant Township, Ohio Trustees, and the United States, among others. Plaintiff

---

[1] Although Ms. Fields purports to represent four other individuals in this action, she is not a lawyer and may not represent the other individual plaintiffs in this matter. *See Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 F. App'x 344 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, No. 1:98-cv-796, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991). Accordingly, plaintiff Marcia Fields may not represent any other plaintiffs in this matter.

alleged that all of the defendant state, county, and federal agents and agencies violated her civil and constitutional rights in connection with numerous events involving her home and property in Brown County, Ohio. Plaintiff sought an injunction against the condemnation of her property, against ongoing "threats and intimidation" by the defendants, and significant money damages. The District Court dismissed plaintiff's complaint as without merit. *See Fields v. Sheriff Deputy John Doe*, Case No. 1:06-cv-668 (S.D. Ohio Sept. 4, 2007) (Doc. 49). Plaintiff appealed the dismissal to the Sixth Circuit Court of Appeals, which affirmed the judgment of the District Court. *Id.* (Doc. 59).

In the instant complaint, plaintiff seeks the entry of a default judgment against the United States based on the following allegations:

> (#1) In 2006 Civil Action no. 1:06cv00668 SSB TSH (original file 1:06 cv 2078 Northern District Court of Ohio) Marcia Fields v. Sheriff Deputy John (Doe) et al was brought to the United States District Court for the Southwestern District of Ohio, of which, the United States, as represented by the Department of Justice, was a defendant.
>
> In September of 2007 the District Court for the Southern District of Ohio's decision noted, the "United States has not appeared in this case to date." The Court had ordered in July of 2007, an order to show cause to the Plaintiff(s); the Plaintiff(s) responded to the Court with appropriate information.
>
> Per FRCP 55(a) Entering a Default (a) "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." No default was entered.
>
> (#2) Relative to the nature of the issues and matters found during the course of the Civil Action 1:06 cv 00668, the Plaintiff(s) could not legally follow up on the action at that time.
>
> The resolution of the default action by the United States had to be vacated, until the issues and matters noted in the Civil Action were processed through and to the appropriate jurisdictions and channels (which satisfies FRCP 55(d) right to relief sought).

(Doc. 1 at 1-2). Plaintiff also seeks monetary damages of "one billion dollars." (*Id.* at 2).

2

## II. The United States' motion to dismiss

### A. The parties' positions

The United States moves to dismiss the complaint on the ground it fails to state a claim upon which relief can be granted. (Doc. 3). The United States asserts that the Court's judgment in Case No. 1:06-cv-668 resulted in a dismissal of all of plaintiff's claims against the federal defendants. As a result, plaintiff's request for default judgment in the instant case, which is based on claims already dismissed for lack of merit, is without substance.

In response, plaintiff reiterates her request for default judgment against the United States. (Doc. 5). She alleges that she has been injured and has standing to bring the instant action. (Doc. 5 at 1-3). Plaintiff's response includes excerpts from briefs purportedly filed by plaintiff in the Supreme Court of the United States which set forth "the facts of record" in her 2006 case. (Doc. 5 at 5). The excerpts appear to also include lengthy reflections on subjects such as the Constitution, slavery, corporate power, legislation, the judiciary, terrorism, and the writ of habeas corpus, among others.

### B. Rule 12(b)(6) standard of review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not

3

plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**C. Resolution**

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's complaint misapprehends the order of the District Court in dismissing plaintiff's complaint in Case No. 1:06-cv-668.[2] The district judge noted that the United States had not appeared in the action and there was a question as to whether the United States had been properly served. Nevertheless, the Court *sua sponte* concluded that plaintiff had failed to state a cognizable claim against the federal defendants, including the United States:

> [T]he United States has not appeared in this case although Plaintiff attempted to serve the FBI (see Doc. 48). The Court need not decide if this service was properly effectuated, because the Court concludes *sua sponte* that Plaintiff has failed to state a cognizable claim against the FBI, any of its agents, the Department of Justice, or the United States. At the very best, Plaintiff asserts that

---

[2] Although courts must typically limit their review to the pleadings when faced with a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

> federal agents have not investigated her complaints to her satisfaction, and have not prosecuted anyone for hate crimes. This does not constitute a basis upon which the FBI or the United States could be liable to Plaintiff.

Case no. 1:06-cv-668 (Doc. 49 at 24-25). Thus, the Court determined that plaintiff's complaint failed to state a claim for relief against the United States and entered judgment against plaintiff on that basis. That judgment bars plaintiff's claims in the instant case under the doctrine of res judicata.

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97-5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata precludes a party from bringing a claim when there exists: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Golden v. C.I.R.*, 548 F.3d 487, 494 (6th Cir. 2008) (citations omitted). There is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy*, 283 F.3d 761, 771-74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

All of the elements of res judicata or claim preclusion are met here. First, the Sixth Circuit Court of Appeals issued a final decision on the merits in *Fields v. Sheriff Deputy John Doe*, Case No. 07-4217 (6th Cir. Dec. 11, 2008), when it determined that plaintiff's 2006

complaint failed to state a claim for relief and affirmed the judgment of the District Court on that basis. *See Fields v. Sheriff Deputy John Doe*, Case No. 1:06-cv-668 (S.D. Ohio) (Doc. 59, Opinion of the Sixth Circuit Court of Appeals). The dismissal of plaintiff's prior complaint against the United States for failure to state a claim for relief operated as an adjudication on the merits for res judicata purposes. *See Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986)). Second, the United States was named as a defendant in Case No. 1:06-cv-668 and in the instant case, such that both cases involve the same parties. The third and fourth elements of res judicata are met because the present lawsuit and Case No. 1:06-cv-668 involve identical causes of action and issues, as plaintiff seeks to hold the United States liable for its alleged failure to appear in the previous action. (Doc. 1; *see also* Doc. 5). Plaintiff cannot collaterally attack the Court's judgment in Case No. 1:06-cv-668 by filing a new lawsuit seeking default judgment against the United States.

Accordingly, the Court concludes that the plaintiff's complaint is subject to dismissal because the doctrine of res judicata applies to bar consideration of the complaint, which raises claims that were or should have been raised in the prior lawsuit involving the same parties that was dismissed with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

The United States' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 3) be **GRANTED**, plaintiff's motion for default (Doc. 5) be **DENIED,** and this case be **DISMISSED** with prejudice.

Date: 1/11/16

Karen L. Litkovitz
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA FIELDS,
    Plaintiff,

vs.

UNITED STATES,
    Defendant.

Case No. 1:15-cv-480
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).